## THIRD DEPARTMENT, MARCH, 1934.

FRANK HAZELTON, Respondent, v. HARRY N. KELLEY, Appellant.

Judgment and order affirmed, with costs. Hill, P. J., Rhodes, Bliss and Heffernan, JJ., concur; McNamee, J., dissents, with an opinion.

McNAMEE, J. (dissenting). I vote to reverse the order and judgment, and to dismiss the complaint. The statement of the evidence most favorable to the plaintiff requires this. The negligence of the defendant is not of first importance on this review, but rather the conduct of the plaintiff. The plaintiff was proceeding west on a subordinate road, was approaching a main artery of travel running north and south, before entering which he was required to come to a full stop. (Vehicle and Traffic Law, § 90, subd. 2.) The plaintiff was familiar from daily experience with the *locus in quo*, the roads in question, and their relation to each other, as well as with the warning signs thereon. He stopped his car at a point from thirty to thirty-five feet east of the " through " road, from which point he saw defendant's car approaching from the south at a high rate of speed and 500 feet away. Thereupon, with no other traffic present, and without further effort to determine the relative positions of the vehicles or their speed, the plaintiff started his car again and drove upon the designated main artery of traffic from the designated secondary road, and attempted to cross the course of the oncoming automobile which was in plain sight. The requirement that a driver stop before entering a main artery of travel from a subordinate road calls for more than a mere perfunctory and mechanical stopping of a vehicle. It calls for that caution and circumspection indicated and understood by the command to come to " a full stop." The plaintiff could not have failed to see the approaching car of the defendant if he had looked attentively at any time after he had stopped as aforesaid and before the collision; but he admits that he did not see the defendant's car again until it was within five feet of him. In other words, the plaintiff disregarded the statutory classification and status of the respective roads in question, and the caution thereby commanded, and drove his car onto the primary road, and the front of his car into the rear side of defendant's car, and thereby contributed to the accident. The plaintiff was guilty of contributory negligence as a matter of law.